UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SYLVA PINCHINAT, as personal representative of the Estate of Ashantie Pinchinat,

          Plaintiff,

vs.                          Case No.   2:04-cv-252-FtM-29SPC

GRACO CHILDREN'S PRODUCTS, INC., a foreign corporation,

          Defendant.
_____/

## OPINION AND ORDER

     This matter comes before the Court on Plaintiff's Motion for New Trial and Memorandum of Law in Support (Doc. #158) filed on May 9, 2005. Defendant filed its Response in Opposition to Plaintiff's Motion for New Trial (Doc. #160) on May 23, 2005.

     Plaintiff brought claims against defendant Graco Children's Products, Inc. for negligence and product liability arising out of the accidental asphyxiation death of a six month old infant, Ashantie Pinchinat, who had been sleeping in a stroller manufactured by defendant. After a five-day jury trial, a jury returned a verdict in defendant's favor on all counts. Plaintiff now seeks a new trial.

     Under Fed. R. Civ. P. 59, the Court may grant a new trial "for any of the reasons for which new trials have heretofore been granted[.]" Fed. R. Civ. P. 59(a); George v. GTE Directories

Corp., 195 F.R.D. 696, 701 (M.D. Fla. 2000). The reasons courts have granted new trials include "substantial errors in the admission or rejection of evidence[.]" Doe v. Celebrity Cruises, Inc., 287 F. Supp. 2d 1321, 1329 (S.D. Fla. 2003); see also Azevedo v. Housing Auth. of City of Sarasota, 147 F.R.D. 255, 257 (M.D. Fla. 1993). A motion for a new trial should not, however, be used merely to relitigate old issues already decided. Ramos v. Boehringer Manheim Corp., 896 F. Supp. 1213, 1214 (S.D. Fla. 1994).

Plaintiff raises the following three issues in her motion for a new trial:

1. The Court erred in disallowing testimony from two employees of defendant about an alleged CPSC suggestion that the juvenile products industry design a device that would automatically move into place and block the front leg opening of a stroller when the carriage was in the fully reclined position;

2. The Court erred in overruling plaintiff's objections to statements relating to the "track record" of the subject stroller; and

3. The Court erred in instructing the jury on the comparative negligence defenses, specifically the defense of misuse.

Defendant argues that, because there is evidence and testimony supporting the jury's decision, denial of plaintiff's request for a new trial is warranted.

The Court has carefully considered the motion, and concludes that it should be denied. First, plaintiff's arguments consist of restatements of substantive arguments made before and during trial (see e.g., Doc. #135) regarding the evidentiary issues listed

-2-

above. "The admissibility of evidence is committed to the broad discretion of the district court, and the decision to exclude certain evidence will be reversed only upon a clear showing of abuse of discretion." Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1554 (11th Cir. 1995); see also Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1159 (11th Cir. 2004), citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1326 (11th Cir. 2000). The Court considered these issues during the course of the litigation and at trial, and the Court adheres to its prior rulings and explanations.

Second, with respect to the jury instructions on the defenses, the Court concludes that plaintiff's argument is without merit. The reasons set forth at trial for overruling plaintiff's objections to these instructions are equally applicable here. Even if the Court erred in admitting the subject instructions, such error would be harmless. The jurors found that defendant was not negligent in designing the stroller, (Doc. #156) and consequently the question of affirmative defenses became moot. (The jury completed the questionnaire, however, and indicated that plaintiff was negligent in using the subject stroller).

Thus, the Court concludes that plaintiff is not entitled to a new trial and the motion is due to be denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for New Trial and Memorandum of Law in Support (Doc. #158) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of June, 2005.

_____
JOHN E. STEELE
United States District Judge