UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SYLVA   PINCHINAT,   as   personal
representative  of  the  Estate  of
Ashantie Pinchinat,

        Plaintiff,

vs.                    Case No.  2:04-cv-252-FtM-29SPC

GRACO CHILDREN'S PRODUCTS, INC., a
foreign corporation,

        Defendant.
_____/

**ORDER**

     This matter comes before the Court on defendant's Motion for Attorneys' Fees and Costs (Doc. #161), filed on May 27, 2005.  No response has been filed and the time to do so has now expired. Defendant seeks fees and costs as a prevailing party pursuant to Fla. Stat. § 768.79 allowing recovery for failure to accept an offer of judgment.

    As a preliminary matter, the Court applies the substantive law of the state with regard to a request for attorney fees in a diversity case. Tanker Mgmt., Inc. v. Brunson, 918 F.2d 1524, 1527 (11th Cir. 1990); McMahan v. Toto, 256 F.3d 1120, 1131-34 (11th Cir. 2001), amended by 311 F.3d 1077 (11th Cir. 2002), cert. denied, 539 U.S. 914 (2003).  Under Fla. Stat. § 768.79(1), a defendant is entitled to recover costs and fees "if a defendant files an offer of judgment which is not accepted" and "if the judgment is one of no liability or the judgment obtained by the

plaintiff is at least 25 percent less than such offer. . . ." Fla.
Stat. § 768.79(1) (1997).  On April 29, 2005, the jury returned a
verdict of no liability in favor of defendant and against
plaintiff.  (See Doc. #156).  A finding of no liability in favor of
defendant mandates an award of fees and costs.  Vines v. Mathis,
867 So. 2d 548, 549 (Fla. 1st DCA 2004).  Additionally, the Court
finds that the March 18, 2005, offer of settlement was written and
stated with particularity, and was made in good faith.  Fla. Stat.
§ 768.79(2), (7)(a); Ryan v. Lobo De Gonzalez, 841 So. 2d 510, 521-
523 (Fla. 4th DCA 2003).  Therefore, the Court finds that defendant
is entitled to fees and costs under Section 768.79.

In determining a reasonable award of attorney's fees, the
Court utilizes the lodestar method, which considers the reasonable
hourly rate multiplied by the reasonable hours.  Florida Patient's
Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985).  See also
Fla. Stat. § 768.79(7)(b).[1]

By way of Affidavit of H. Hamilton Rice III (Doc. #161, Ex.
B), defendant seeks fees for local counsel from March 18, 2005 to
the present in the amount of $53,906.50.  This consists of 170.8
hours at a rate of $185 per hour; 52.9 hours at a rate of $150 per
hour; and 169.1 hours at a rate of $85 per hour.  Defendant also
seeks $383.30 in costs.

---

[1]The Court notes that defendant has failed to provide any
supporting arguments regarding the factors listed in this section.

By way of Affidavit of Francis P. Morrissey (Doc. #161, Ex. B), defendant also seeks fees for Illinois counsel in the amount of $135,817.00.  This consists of 145.40 hours at a rate of $420 per hour; 145 hours at a rate of $385 per hour; 35.30 hours at a rate of $229.21 per hour; 58.50 paralegal hours at a rate of $155 per hour; and 25.5 hours for a "Project Assistant" at a rate of $69.24 per hour.  Defendant also seeks $33,012.60 in costs.

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The prevailing market in this case is Fort Myers, Florida and not Chicago, Illinois.  Without evidence that defendant could not obtain competent counsel in Florida to represent its interests, or that the case presented novel and complex issues, the Court finds that the local rates should apply.  The Court finds that the rates provided by attorney Rice are reasonable under this standard.

"Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." Norman, 836 F.2d at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The failure to provide adequate documentation is a basis for reducing a request for fees. Florida Patient's Comp. Fund v. Rowe, 472 So. 2d at 1150.  In this case, counsel failed to provide any documentation supporting the

hours expended, or whether the hours were excessive or redundant, and therefore the Court is unable to determine whether the hours were reasonable.  See American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  As a result, the request for fees will be denied.

With regard to the request for costs, the Court will allow the $383.30 in costs based on the attached receipt.  (Doc. #161, Ex. B, Ex. 1).  The Court will however deny the request for $33,012.60 in costs because counsel failed to provide any supporting documentation and/or receipts in support to demonstrate that the costs were reasonable.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Attorneys' Fees and Costs (Doc. #161) is **GRANTED** to the extent that the Clerk shall enter an Amended Judgment adding that defendant is entitled to $383.30 in costs, and the motion is otherwise **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of June, 2005.



JOHN E. STEELE
United States District Judge


Copies:
Counsel of record